## In the Supreme Court of Pennsylvania.

## THE DANVILLE HAZLETON & WILKESBARRE R. R. CO. v. GEARHART, et. al.

In determining the damages of a property owner, whose land is appropriated by a railroad company for its road, evidence of the elements of computation of *disadvantages*, the manner the road cuts through the tract, the fields it spoils, the fencing rendered necessary, ditching, embankment, &c.,—is admissable to enable the viewers or the jury to reach a just conclusion upon the whole matter.

Error to the Court of Common Pleas of Northumberland Co. Opinion delivered Feb. 8th, 1875.

Per Curiam.

It has been held by this court in numerous cases, that the true rule for determining the damages of a property owner, whose land is appropriated by a railroad company, for its road, is the difference of value of his entire

tract, as a whole, as it was before the railroad was laid upon it, and as it is or will be, after the road shall have been completed. But it has never been said or held that the elements of computation are not to be given in evidence, as the means of enabling the viewers or the jury, to reach a just conclusion upon the whole matter. So to hold would be to contradict the act authorizing the view and assessment. The act of 19th February, 1849, known as the general railroad law, requires the viewers after having viewed the premises, to estimate and determine the quantity, quality, and value of the lands so taken or occupied, and having due regard to, and making a just allowance for the advantages which have resulted, or may seem likely to result ; and after having made a fair and just comparison of the advantages and *disadvantages* they shall estimate and determine whether any, and, if any, what amount of damages has been sustained, and make report. There may be many disadvantages to be considered before a just idea of the value of the whole tract, after the road shall have been built, can possibly be formed. The manner the road cuts through the tract, the fields it spoils, the fencing rendered necessary, ditching, embanking, &c. To withhold the evidence of disadvantages is to disregard the act itself, and to prevent the viewers or jury from being able to compute the true value of the whole. The rule therefore contended for by the plaintiff in error, is not infringed by admitting the evidence of those things which constitute elements in the final computation.

Judgment affirmed.